IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEANNA BURTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-423-STE |
| ) | |
| **ANDREW M. SAUL,** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

### I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following two administrative hearings, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 12-26). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 28, 2016, her alleged onset date. (TR. 14). At step two, the ALJ determined that Ms. Burton had the following severe impairments: seizure disorder; headaches; and depression. (TR. 14). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 18).

At step four, the ALJ concluded that Ms. Burton could not perform her past relevant work, but retained the residual functional capacity (RFC) to:

> [P]erform a restricted range of light work as defined in 20 CFR 404.1567(b) and 20 CFR 416.967(b) and with nonexertional limitations. The claimant can sit for no more than 2 hours at a time, stand for no more than 1 hour at a time, walk for no more than 1 hour at a time; can sit no more than 6 hours in an 8 hour workday, can stand no more than 3 hours in an 8 hour workday, can walk no more than 2 hours in an 8 hour workday; can do frequent reaching, handling and fingering, but no more than occasional overhead reaching, pushing, pulling and use of foot controls; no ladders, ropes or scaffolds[;] occasional climbing ramps or stairs, stooping, balancing, crouching, crawling or kneeling[;] no unprotected heights, moving mechanical parts or vehicle operation; occasional exposure to humidity, wetness, extreme temperatures, vibrations or respiratory irritants. The claimant can perform simple, routine, repetitive tasks with no strict production requirements, no public contact, and no more than occasional contact with supervisors and co-workers.

(TR. 20-21, 24).

At step five, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 40-41). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 41-42). The ALJ adopted the VE's testimony and concluded that Ms. Burton was not disabled at step five. (TR. 26).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Ms. Burton alleges the ALJ: (1) failed to include limitations related to her migraine headaches in the RFC and (2) erred at step five. (ECF No. 14:3-13).

## V. NO ERROR IN THE CONSIDERATION OF MIGRAINE HEADACHES

At step two, the ALJ concluded that Ms. Burton suffered from severe headaches. (TR. 14). According to Plaintiff, the ALJ failed to include migraine-related limitations in the RFC concerning pain, photophobia, and being absent from work more than two days per month. (ECF No. 14:3-13). In support, Ms. Burton relies on her:

- subjective complaints that her migraines were accompanied by nausea and light sensitivity;

- complaints to physicians that her migraines lasted up to 25 days out of the month;

- complaints regarding the length of the migraines, which she described as lasting from 12 hours to 5 days;

- lack of headache relief following the use of NSAIDs;

- various trips to the emergency room for migraines; and

- testimony that she suffered more than two migraines a month which would cause her to be "wipe[d] … out" for the entire day.

(ECF No. 14:4-8).[1]

Plaintiff recognizes her argument is entirely "based on subjective complaints." (ECF No. 14:9). Even so, "[t]he regulations require that an ALJ's RFC be based on the entire

---

[1] Plaintiff also relies on various physicians' diagnoses of migraine headaches in support of her allegation that the ALJ had failed to include migraine-related limitations in the RFC. (ECF No. 14:4). However, "[t]he mere diagnosis of a condition does not establish its severity or any resulting work limitations." *Paulsen v. Colvin*, 665 F. App'x 660 2016 WL 6440368 at *4 (10th Cir. 2016).

case record, including the objective medical findings *and* the credibility of the claimant's subjective complaints." *Poppa v. Astrue*, 569 F.3d 1167, 1170–71 (10th Cir. 2009) (emphasis added) (citing 20 C.F.R. §§ 416.929, 416.945); *see id.* ("[s]ince the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined."). As a result, the Court must examine the ALJ's evaluation of Plaintiff's subjective complaints. The Court finds no error.

### A. ALJ's Duty to Evaluate Plaintiff's Subjective Allegations

Social Security Ruling 16-3p provides a two-step framework for the ALJ to consider a claimant's symptoms and determine the extent to which the symptoms are consistent with the evidence in the record. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). First, the ALJ must make a threshold determination regarding "whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id.*, at *2. Second, the ALJ will evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit an individual's ability to perform work-related activities. *Id.* At step two, the ALJ will examine the objective medical evidence, the claimant's statements regarding her symptoms, information from medical sources, and "any other relevant evidence" in the record. *Id.*, at *4. SSR 16-3p also directs the ALJ to consider the following seven factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms:

- Daily activities;

- The location, duration, frequency, and intensity of pain or other symptoms;

5

- Factors that precipitate and aggravate the symptoms;

- The type, dosage, effectiveness, and side effects of any medication;

- Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

- Any measures other than treatment a claimant has used to relieve pain or other symptoms; and

- Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*, at *7. Finally, in evaluating a claimant's subjective statements, the ALJ must "provide specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review. *Id.*, at *9.

### B. No Error in the ALJ's Consideration of Plaintiff's Subjective Allegations

In formulating the RFC, the ALJ stated that she had considered Ms. Burton's subjective allegations. (TR. 21). The ALJ specifically acknowledged:

- Plaintiff's testimony that her migraines would cause her to miss more than 2 days of work per month because the headaches would require to her "be in a dark room with no noise to recuperate;"

- Plaintiff's complaints of nausea and light sensitivity; and

- Seven instances where Plaintiff had presented to the emergency room with complaints of a migraine.

(TR. 15-18, 22). After identifying the two-step framework under SSR 16-3p, the ALJ stated:

> I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting

> effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(TR. 22). In support of this determination, the ALJ relied on:

- EEG findings and brain MRIs without signs of pathology;
- The fact that Ms. Burton had responded well to headache treatment in the emergency room; and
- Plaintiff's "occasional" noncompliance with treatment regimen medication.

(TR. 22). In challenging the ALJ's evaluation of Plaintiff's subjective allegations, she alleges that "the ALJ failed to conduct a pain analysis[.]" (ECF No. 14:10). In support, Ms. Burton cites the two-step framework set forth in SSR 16-3p, but then fails to argue how the ALJ had actually erred. *See* TR. 13:11. Instead, the ALJ simply attacks the RFC limitation to "simple[,] routine, repetitive tasks, with no strict production requirements" as failing to accommodate the migraine headaches. For example, Plaintiff states that the RFC "does not address what would happen if she was suddenly, due to a migraine onset, unable to complete the task at hand, or else unable to complete the rest of the workday." (ECF No. 14:11). Plaintiff then presumes that if she suffered a migraine during the workday, she would be unable to complete the workday. (ECF No. 14:12).

Plaintiff's arguments directly attack the RFC, which she believes failed to accommodate migraine-related symptoms involving pain and photophobia and which would cause her to miss more than two days of work each month. *See supra*. But as stated, because Ms. Burton's argument is based entirely on her subjective complaints, she must demonstrate error in the ALJ's evaluation of those complaints. Instead of doing that however, Ms. Burton has simply: (1) incorrectly alleged that the ALJ "failed to

conduct a pain analysis" and (2) relied on speculation regarding her inability to work with migraine-related symptoms.

In discounting Plaintiff's subjective complaints, the ALJ provided specific rationales, linked to evidence in the record. (TR. 22). Ms. Burton does not specifically challenge these findings and the Court finds no error in the ALJ's evaluation. Because the entirety of Plaintiff's argument was based on the ALJ's evaluation of Plaintiff's subjective allegations, the Court rejects her allegation of error concerning the RFC.

## VI. STEP FIVE

Plaintiff alleges error at step five, arguing that the hypothetical limitations presented to the VE which formed the basis of the step five findings was based on a faulty RFC. (ECF No. 14:12-13). But based on the rejection of Plaintiff's RFC argument, the Court likewise rejects the allegation of error at step five. *See Orso v. Colvin*, 658 F. App'x 418, 420–21 (10th Cir. 2016) (no error in hypothetical which contained limitations from the RFC, which the Court had "already concluded was not erroneous.").

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on December 27, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE